Argued May 6, affirmed July 22, 1970

# R & H CONSTRUCTION CO., *Respondent, v.*
# LANDMARK ENTERPRISES, INC., *Appellant.*

### 472 P2d 796

*Robert W. DeArmond*, Salem, argued the cause for appellant. With him on the brief were DeArmond, Sherman & Barber, Salem.

*Francis F. Yunker*, Portland, argued the cause for respondent. With him on the brief was George C. Staples, Portland.

Before McALLISTER, Presiding Justice, and SLOAN, HOLMAN, TONGUE and HOWELL, Justices.

SLOAN, J.

This is a suit to foreclose a mechanic's lien on property situated in Polk county, (generally known as Salemtowne), which is owned by defendant. The dispute grows out of a written contract between the parties in which plaintiff agreed to perform a substantial amount of grading and earthmoving on defendant's property at a fixed price. Later this contract was modified and augmented by oral agreements. The principal dispute in the case relates to evidence concerning what was or was not orally agreed to by the parties. There are no legal issues involved.

The factual questions must be decided by resolving the conflicting testimony of the witnesses. Plaintiff's witnesses testified that defendant's officers orally agreed to the moving of a substantially greater amount of earth than provided for in the written contract and that the moving of the additional material was to be paid for at the price specified in the written contract. Although defendant concedes that some additional oral agreements were made, it denies the existence of an agreement for any payment for the additional earth that plaintiff moved.

The second factual dispute relates to whether or not plaintiff abandoned its contract prior to total performance. Defendant's witnesses testified that plaintiff voluntarily abandoned the contract. Plaintiff's witness testified that he was ordered off of the job. Incidental to this factual dispute is a minor contention by defendant that plaintiff did not properly plead compliance with the contract. This contention has no merit.

The trial court found for the plaintiff and awarded a decree and judgment accordingly.

■■ The detailed facts are of interest only to the parties and it would serve no purpose to repeat them here. Even though this is a trial *de novo,* when the evidence is conflicting great weight is given to the trial court's findings. *Meads v. Stott,* 1952, 193 Or 509, 514, 238 P2d 256, 239 P2d 594. There is nothing in the record in this case to indicate that the trial court erred in any way. We agree with the court's analysis of the evidence as stated in a memorandum opinion filed by the court.

Affirmed.